GERALD FLYNN et al., Appellants, v NEW YORK LIFE INSURANCE COMPANY, Respondent, et al., Defendant. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Plaintiffs appeal from two judgments which, on the basis of jury verdicts of no cause for action on plaintiffs' negligence, fraud and contract claims, dismissed the complaint against defendants New York Life Insurance Company and Charles White. Plaintiffs contend that the court should have granted their motion for a directed verdict and that the jury verdict is against the weight of the evidence; that the court erroneously dismissed their punitive damages claim against New York Life; and that the court erred in failing to charge Insurance Law § 4226. We conclude that plaintiffs' contentions are lacking in merit.

The case presented a question of credibility and thus properly was submitted to the jury for its resolution, which we decline to disturb. The essence of defendants' version of events, which the jury was entitled to credit over plaintiffs' testimony, is that the transactions were structured as they were at plaintiffs' request, that plaintiffs were fully aware of the nature and consequences of the transactions, and that defendants thus were not guilty of negligence, fraud or breach of contract.

Because we are sustaining the jury verdict resolving the fraud claims in favor of defendants, we must affirm the court's granting of the insurer's motion to dismiss the punitive damages claim. If there was no fraud, there can be no liability for punitive damages.

The court properly declined to charge the jury on the "no presumption" rule of Insurance Law § 4226 (c). Plaintiffs rely on Insurance Law § 4226 (a) (2) and (4), but those paragraphs have no application to this case. This case did not involve the judicial determination of whether defendants made claims about the amount of policy dividends or the financial condition of the insurer or its reserve system. It involved a claim that defendants misrepresented the method of payment for the policies and the nature and extent of loans against the policies, a matter not within the scope of the statute. Thus, the statute was not relevant and the court did not err in refusing to charge it. (Appeal from Judgment of Supreme Court, Monroe County, Boehm, J.—Breach of Contract.) Present—Callahan, J. P., Denman, Green, Pine and Lowery, JJ.